## TRUSTEES OF SCHOOLS TOWN 16 N., R. 11 W., IN MORGAN COUNTY, et al.

*v.*

## PETER BRANER.

1. CONVEYANCE OF REAL ESTATE—*when for school purposes, must be so used.* When real estate is conveyed for school purposes, and it is so expressed in the deed, the land must be so used, and the directors and trustees would have no right to sell the land and apply the proceeds to school purposes, as in such case, although the proceeds of the land would be used for school purposes, the land itself would not.

2. They might occupy the land as a school site, or they might hold and rent it and apply the rent to the general school purposes of the district.

3. PARTIES — *in chancery.* Two pieces of land were conveyed for school purposes, one of them to the trustees of schools, and the other to the school directors of the district. On bill filed to set aside and cancel the deeds on the alleged ground that the grantees were about to sell the premises to be used for other than school purposes, it was *held,* the school directors were necessary parties defendant.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

. Messrs. DUMMER & BROWN, for the plaintiffs in error.

Messrs. EPLER & CALLON, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by defendant in error. in the Morgan circuit court, to set aside and cancel a conveyance of the land in controversy to plaintiffs in error, and another piece to the school directors of the district. The bill alleges that the conveyance was made for school purposes, and is so expressed in the deed, and that the real consideration for the transfer of the title was, that the property was to be so used; that the directors, in March, 1872, caused the school house to be removed from the premises to another site, and that the trustees had advertised the premises for sale, and that they intended

to sell them to any one who might purchase, and for any purpose they might choose to use them, but not to be used for school purposes. The bill prays that the sale be enjoined, and that the trustees be required to reconvey the property to complainant. Defendants filed a demurrer to the bill, which was overruled by the court, and they refusing to answer, the bill was taken as confessed, and the relief prayed was granted, and that is assigned as error.

Inasmuch as one of the deeds conveys a portion of the land to the directors of the district, and they still held the title, they should have been made parties defendant to the bill. It appears that they have such an interest in a part of the premises as required them to be parties, before the legal title held by them could be affected by the final decree of the court. The bill was, therefore, defective for want of parties.

The language of the deeds does not provide that the land shall revert, if the property shall cease to be used for a site for the school house, nor is there any restriction preventing it from being used for any legitimate school purpose. Its use is not restricted to any special school purpose. The trustees and directors might, no doubt, under this deed, occupy it as a school site, or they may rent it and apply the rents received to the general school purposes of the district. Such use is within the scope of the grant, as expressed in the deeds, and until the officers attempt to pervert it to other than school purposes, or until they abandon the property, defendant has no right to become reinvested with the title.

The deeds, however, restrict the use to school purposes, and a sale, such as the demurrer admits was intended to be made, would be a perversion. We think a fair construction of these deeds is, that the land shall be held and used for school purposes, and not that it may be sold, and the money applied to school purposes. If sold and used for some other purpose, then the land would be used for other than school purposes. In such a case, the price or fund arising from the sale would be used for school purposes, but the land for some

other, contrary to the use declared in the deeds, and the officers could not thus pervert the use of the land.

Again, the decree enjoining the sale is too broad, in prohibiting the officers from using or leasing the premises. They might, as we have seen, lease the property and apply the rents for school purposes.

From what has been said, it will be seen that the court erred in decreeing a reconveyance of the land to complainant, and the decree must be reversed and the cause remanded.

*Decree reversed.*