MARY A. O'DONNELL, Plaintiff in Error, *vs.* H. J. ROB-
SON *et al.* Defendants in Error.

*Opinion filed April 23, 1909.*

1. DEEDS—*deed to school directors creates legal title in them in
trust for trustees of schools.* A deed to the school directors of a
district conveying a certain tract of land to them and their suc-
cessors in office provided it be used for building a school house in
said district passes the legal title to the school directors, but they
hold the land in trust for the trustees of schools and the latter have
an equitable title.

2. SAME—*what right does not pass by conveyance.* Whether a
deed to school directors to a half acre of land in an eighty-acre
tract, "provided it is used for building a school house in said dis-
trict," creates in the grantees an estate upon condition subsequent
or a possibility of reverter in the grantor, the right so created can
only be availed of by the grantor or his heirs, and it does not pass
to a grantee of such grantor by a conveyance of the entire eighty-
acre tract without reservation.

WRIT OF ERROR to the Circuit Court of Lawrence
county; the Hon. J. R. CREIGHTON, Judge, presiding.

This suit was commenced by plaintiff in error by bill in
chancery against defendants in error to enjoin them from
drilling and operating a well for the production of oil and
gas upon a one-half acre tract of land in the south-west cor-
ner of the west half of the south-east quarter of section 17,
township 3, north, range 12, in Lawrence county, Illinois.
The bill alleges that complainant derived title to the said
eighty-acre tract by *mesne* conveyances through H. K. and
P. F. Lanterman; that on July 3, 1858, while the Lanter-
mans owned the entire eighty-acre tract in fee simple, they
made a conveyance to the school directors of what was then
school district No. 4, town 3, north, range 12, but is now
known as school district No. 32. The deed purported to
convey to the school directors of said district, "and their
successors in office, (provided it is used for building a
school house in said district,)" said one-half acre tract of

land and recited a consideration of five dollars. It was the usual long-form warranty deed in use at that time, and contained no other conditions or limitations than above mentioned. The bill further alleged that the school directors had executed to defendant in error H. J. Robson a lease to said one-half acre tract, authorizing said Robson to erect a derrick thereon and drill and operate a well for the production of oil and gas and to market the same when produced, and that on account of the volatile, wandering and fugitive nature of oil and gas the operation of such well would drain the oil and gas under the lands for a great distance surrounding the tract from which it is produced, and that if the lessee were permitted to prosecute the work of sinking and operating said well, plaintiff in error's land adjacent to said school lot would be drained of oil and gas and she would be irreparably injured thereby. The bill alleges that all the conveyances from the Lantermans, down to the deed to plaintiff in error, conveyed the entire eighty-acre tract, without any reservations or conditions, and inferentially, but not directly, alleges that the deed from the Lantermans to the school directors was void. It is not specifically alleged in the bill that the half-acre tract has or has not been continuously, and is now, used as a school house site, but the bill and the brief and argument of plaintiff in error are based upon the theory that it is and has been continuously so used. The defendants in error in their brief and argument assert that is the fact, and it is not questioned by the plaintiff in error, so that the bill may be treated as conceding that said half-acre tract is now, and has been continuously since 1858, occupied and used as a site for a school house. The bill also prayed for the removal of a cloud from complainant's title, which consisted in a mistake in the name of one of her remote grantors, and proper parties were made defendants to the bill for that purpose. Defendants in error demurred to that part of the bill praying relief as against them by injunction and answered as to the remain-

der of the bill. The court sustained the demurrer to the portion of the bill demurred to, and plaintiff in error electing to stand by her bill, a decree was entered dismissing that part of the bill for want of equity. From that decree this writ of error is prosecuted.

J. E. McGAUGHEY, for plaintiff in error.

GEE & BARNES, and GEORGE W. LACKEY, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error contends that the school directors had no authority to receive or hold title to real property; that the title to real estate conveyed for the use of schools was required by law to be vested in the board of trustees of schools, and that the deed to the school directors was therefore void; also, that if the deed had the effect of conveying any interest whatever, it was a mere easement for a use not inconsistent with the right of property in the owner. We cannot agree to these contentions. The conveyance to the school directors vested in them the legal title, but they held it in trust for the use of the schools and the equitable title vested in the trustees. *Trustees of Schools* v. *Braner,* 71 Ill. 546.

If it be conceded that the clause, "provided it be used for building a school house in said district," created in the grantee an estate upon a condition subsequent or a possibility of reverter in the grantors, plaintiff in error is in no position to assert any right in either case, but such right can only be availed of by the grantors or their heirs. This right in the grantor or his heirs is not assignable and does not pass by conveyance. This question has been frequently befort this court, and the law upon the subject in this State will be found in *North* v. *Graham,* 235 Ill. 178, *Waggoner* v. *Wabash Railroad Co.* 185 id. 154, *Presbyterian Church* v. *Venable,* 159 id. 215, *Boone* v. *Clark,* 129 id. 466, and

*Mott* v. *Danville Seminary,* id. 403. The law as announced in those cases is in harmony with the decisions in other jurisdictions. *Warner* v. *Bennett,* 31 Conn. 468; *Towle* v. *Remson,* 70 N. Y. 303; *Guild* v. *Richards,* 16 Gray, 309; *Piper* v. *Union Pacific Railroad Co.* 14 Kan. 574; *Ruch* v. *Rock Island,* 97 U. S. 693; *McMahon* v. *Williams,* 79 Ala. 288; 6 Am. & Eng. Ency. of Law, (2d ed.) 506.

We are of opinion the decree of the circuit court was correct, and it is affirmed.          *Decree affirmed.*