Argued May 6, affirmed June 2, rehearing denied July 7, 1914.

## SCHOOL DISTRICT No. 21 *v.* WALLOWA , COUNTY.

### (142 Pac. 320.)

**Deeds—Ejectment—Right of Action—Breach of Condition Subsequent.**

Though ejectment is a proper remedy for a grantor to recover for breach of a condition subsequent, it does not inure to one to whom the grantor, after the original deed, attempts to convey the premises either before or after breach of the condition; the grantor's right not being assignable.

[As to mode of taking advantage of breach of condition subsequent, see note in 93 Am. St. Rep. 572. As to when ejectment will lie, see note in 116 Am. St. Rep. 568.]

From Wallowa: GUSTAV ANDERSON, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

This is an action of ejectment by School District No. 21 of Wallowa County against Wallowa County.

Upon a real controversy between the parties they have submitted their case upon an agreed statement of facts. It appears that certain persons, during 1907, conveyed to the defendant some real property containing the following conditions:

"For the purpose of a site or part of a site for a county high school and buildings connected therewith. And it is understood that this conveyance is made and accepted on condition that the said described real estate is to be used for a site or portion of a site for a county high school and buildings connected therewith and for no other purpose, and if not so used for such purpose, the title to said real estate shall revert back to the grantor herein."

Afterward during the same year the defendant county caused to be constructed upon the land a high school building, and maintained a school of that de-

scription therein until the close of the school year in 1913. On October 12, 1912, the grantors in the original deeds attempted to convey the lands to the plaintiff school district by deed containing similar terms here set out:

. "Together with the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining, and also all the right, title and interest of the grantors therein or thereto and every part thereof, subject to the present estate and interest therein of Wallowa County, Oregon, heretofore created and conveyed to said county by deed of these grantors dated September 7, 1906, and recorded at pages 70–71 of Volume O of the record of deeds of said county.

"This conveyance is made by the grantors and accepted by the grantee upon the express condition that upon the termination of the estate of Wallowa County therein, the said described real property shall be used for district high school purposes under the laws of the State of Oregon by said school district No. twenty-one (21) and its successors, and should the same cease to be used as such district high school except during temporary vacations, then said real property shall revert to and become the property of the grantors herein, their heirs or assigns."

From a judgment in favor of the defendant, the plaintiff appeals. AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. Daniel W. Sheehan.*

For respondent there was a brief over the names of *Messrs. Cochran & Eberhard, Mr. O. M. Corkins,* District Attorney, *Mr. Wallace G. Trill* and *Mr. A. W. Schaupp,* with oral arguments by *Mr. George T. Cochran* and *Mr. Colon R. Eberhard.*

Mr. Justice Burnett delivered the opinion of the court.

Ejectment is the proper remedy to be employed by the grantor of real property to recover the same for breach of a condition subsequent and may be maintained without previous demand for possession: *Seeck* v. *Jakel, ante,* p. 35 (141 Pac. 211). This remedy, however, does not inure to the one to whom the grantor in the original deed may afterward attempt to convey the premises either before or after breach of the condition. The reason is that by the first conveyance the whole estate went out of the grantor therein. He had nothing left to convey. True enough, there was a possibility that some time the title might return to him; but until it does, through his assertion of his right arising from the breach and his actual recovery of the land, there is nothing upon which his conveyance to a stranger can operate. Because the grantor may waive his right to insist that the condition subsequent has been broken, his chose in action in the premises is classed as a personal privilege to be asserted only by himself or his heirs. It is not assignable, and, until he actually recovers the land as upon breach of the condition, his deed confers no right upon his subsequent grantee: *O'Donnell* v. *Robson,* 239 Ill. 634 (88 N. E. 175); *Berenbroick* v. *St. Luke's Hospital,* 23 App. Div. 339 (48 N. Y. Supp. 363); *Humphreys County* v. *Baker,* 124 Tenn. 39 (134 S. W. 863); *Rice* v. *Boston & W. R. Corp.,* 12 Allen (Mass.), 141; *Underhill* v. *Saratoga & W. R. R. Co.,* 20 Barb. (N. Y.) 455; *Ruch* v. *Rock Island,* 97 U. S. 693 (24 L. Ed. 1101).

The judgment is affirmed.

Affirmed.   Rehearing Denied.