Argued May 4, affirmed May 25, rehearing denied June 15, 1915.

## WAGNER *v.* WALLOWA COUNTY.*

(148 Pac. 1140.)

**Deeds—Condition Subsequent—Effect—Statutes.**

1. Under Sections 7102, 7103, L. O. L., providing that a deed of real estate shall pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms, or be necessarily implied, where plaintiff deeded land to a county, the deed reciting "that this conveyance is made and accepted on condition that certain described real estate is to be used for a site for a high school, and for no other purpose, and, if not so used for such

---

*As to condition in deed that land is to be used for a specified charitable, public or *quasi*-public use, see note in 19 L. R. A. 262.

Upon the subject of transferability of a right of entry for condition broken in a deed, see note in 60 L. R. A. 750; and as to the effect of a conveyance prior to a re-entry, see note in 60 L. R. A. 754.    REPORTER.

purpose, title shall revert to the grantors," the conveyance was of a fee-simple estate, subject to defeasance by the happening of a condition subsequent, and not a conveyance of a base or determinable fee.

[As to conditions subsequent in deeds, see note in 31 Am. St. Rep. 46.]

**Deeds—Ejectment—Right of Action—Breach of Condition Subsequent.**

2.   Where a grantor of an estate in land in fee simple, subject to defeasance on the happening of a condition subsequent, conveyed to a third person before the happening of the condition, the conveyance passed no right of re-entry.

**Deeds—Condition Subsequent—Waiver of Breach—Deed to Third Party.**

3.   Where the grantor of land to a county for school purposes, subject to the condition that title should revert to him upon failure to use for such purposes, conveyed, before the happening of such condition, to a third person, such conveyance, although inoperative to give such third person a right of entry for breach of condition, nevertheless operated as a waiver of the condition by the grantor, preventing his ever asserting a right of entry against the grantee county for breach of condition.

**Estoppel—What Constitutes—Right of Entry.**

4.   When a grantor of land subject to a defeasance for condition broken conveys any interest to a third person before such breach, he is thereafter estopped to assert a right of entry.

[As to when and at whose instance a deed may be avoided for breach of condition subsequent, see note in 44 Am. Dec. 743.]

**Estoppel—Assignment of Right of Re-entry—Persons for Whom Available—Privity.**

5.   In an action in ejectment by an original grantor, to recover for an alleged breach of condition subsequent, from the original grantee, lands conveyed on fee condition, the fact that such grantor had, subsequent to his deed and prior to any alleged breach, conveyed the lands to another is available as a defense against such grantor; there being such a privity of estate in the land as to give effect to the subsequent deed to a stranger.

From Wallowa: GUSTAV ANDERSON, Judge.

In Banc.   Statement by MR. JUSTICE BURNETT.

This is an action of ejectment in the usual Code form, wherein A. M. Wagner is plaintiff and Wallowa County, Oregon, is defendant, to recover the possession of certain realty in Wallowa County. The defendant denies all the allegations of the complaint,

except its own corporate entity.   It pleads that it alone is the owner in fee simple and in possession of the property.   Another defense is thus stated:

"That plaintiff ought not to be allowed to maintain this action, for that on or about the 7th day of September, 1906, this plaintiff and his then wife, Isabelle C. Wagner, for a valuable consideration, duly made, executed and delivered to this defendant a certain instrument in writing, purporting to be a warranty deed, a copy of which warranty deed is hereto attached and marked 'Exhibit A,' and by this reference made a part hereof.   That in and by the provisions of said deed the real property described in plaintiff's complaint was bargained, sold and conveyed unto this defendant.   That said deed further contained the following conditions subsequent, immediately after the description of the land, to wit: 'For the purpose of a site, or part of a site, for a county high school and buildings connected therewith; and it is understood that this conveyance is made and accepted on condition that said described real estate is to be used for a site, or a portion of a site, for a county high school and buildings connected therewith and for no other purpose; and, if not so used for such purpose, the title to said real estate shall revert back to the grantors herein.'   That thereafter, and on or about the 19th day of October, 1912, while defendant was in possession and lawfully seised of the said real property, and at a time when said condition aforesaid was duly and fully performed, and prior to any alleged breach of said condition on the part of defendant, this plaintiff and his said wife did, for a valuable consideration, make, execute and deliver to school district No. 21 of Wallowa County, Oregon, a municipal corporation, a certain written instrument, purporting to be a warranty deed, a copy of which said warranty deed is hereto attached and marked 'Exhibit B,' and by this reference made a part hereof.   That by reason of the said deed of plaintiff, so made, executed, and delivered to said school district No. 21, said condition so named

in said deed from said plaintiff and wife to this defendant was fully and wholly discharged, and said plaintiff became thereby and is estopped from claiming any right, title or interest to said land under and by virtue of said condition.''

The case was tried upon an agreed statement of facts, from which it appears that under the act of the legislative assembly of this state of February 26, 1901, entitled ''An act to authorize the organization and maintenance of district and county high schools in this state,'' it was determined by the people of Wallowa County to establish a high school. After considering certain propositions from several towns, the County Court concluded to locate the institution at Enterprise, and accepted from the plaintiff and his wife a deed to the premises in dispute, in these words:

''Know all men by these presents, that we, Alonzo M. Wagner and Isabelle C. Wagner (husband and wife), in consideration of the sum of one dollar, to us paid by Wallowa County, Oregon, do hereby remise, release and forever quitclaim unto the said Wallowa County, Oregon, and to its successors and assigns, all our right, title and interest in and to the following described parcel of real estate, situate in said county of Wallowa, State of Oregon, to wit: All of block numbered one (1) of Wagner's Addition to the town of Enterprise, as shown by the plat of said addition on record in the office of the county clerk of said county, for the purpose of a site, or part of a site, for a county high school, and buildings connected therewith; and it is understood that this conveyance is made and accepted on condition that said described real estate is to be used for a site or portion of a site for a county high school, and buildings connected therewith, and for no other purpose; and if not so used for such purpose, the title to said real estate shall revert to the grantors herein. To have and to hold the same, together with all and singular the hereditaments and

appurtenances thereunto belonging or in any wise appertaining to the said Wallowa County, Oregon, and to its successors and assigns forever, for the purposes above mentioned.   In witness whereof, we have hereunto set our hands and seals this 7th day of September, 1906.

"ALONZO  M.  WAGNER.    [Seal.]
"ISABELLE C. WAGNER.     [Seal.]"

This instrument was duly executed, acknowledged and recorded.   During the spring and summer of 1907 the county erected a building on the premises for high school purposes, furnished the same all at a total cost of about $25,000, and thereafter maintained a county high school therein up to and including June 1, 1913.   It further appears that, upon the initiative petition of certain voters of Wallowa County, a bill was proposed at the general election of November, 1912, for a local law to abolish and discontinue the county high school of Wallowa County, and forbidding the expenditure of public money in its support after the current taxes levied for that purpose had been exhausted.   This bill was adopted as a law at the general election of November 5, 1912, and was proclaimed as such by the executive of the state later in the same month.   In October, 1912, prior to the election and before any default in the maintenance of the school on the premises had been committed, the plaintiff and his wife made, executed and delivered to school district No. 21 of Wallowa County the following deed:

"Know all men by these presents, that Alonzo M. Wagner and Isabelle C. Wagner, his wife, of Enterprise, county of Wallowa, State of Oregon, in consideration of one dollar and other valuable considerations, to them paid by school district No. twenty-one (21), of Wallowa County, State of Oregon, have bargained and sold and by these presents do grant, sell

and convey unto said school district No. twenty-one (21), its successors and assigns, all the following bounded and described real property, situate in the county of Wallowa, and State of Oregon, to wit: All of block No. one (1) of Wagner's Addition to the town of Enterprise, as shown by the plat of said addition on record in the office of the county clerk of said county and state, together with the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining, and also all the right, title and interest of the grantors therein or thereto, and to every part thereof, subject to the present estate and interest therein of Wallowa County, Oregon, heretofore created and conveyed to said county by deed of these grantors dated September 7, 1906, and recorded at page 71 of volume O of the Records of Deeds of said county. This conveyance is made by the grantors and accepted by the grantee upon the express condition that, upon the termination of the estate of Wallowa County therein, the said described real property shall be used for district high school purposes under the laws of the State of Oregon, by said school district No. twenty-one (21), and its successors, and should the same cease to be used as such district high school, except during temporary vacations, then said real property shall revert to and become the property of the grantors herein, their heirs and assigns. To have and to hold the above-described and granted premises unto the said school district No. twenty-one (21) and its successors forever, subject to the conditions hereinbefore expressed. And the said grantors, Alonzo M. Wagner and Isabelle C. Wagner, above named, do covenant to and with the said school district No. twenty-one (21) and its successors that, while the conditions of this deed are complied with, they will and their heirs, executors and administrators, shall warrant and defend the above-granted premises, and every part and parcel thereof, to said grantee and its successors forever, against the acts and deeds of said grantors subsequent to the date of this deed, and all persons claiming by, from, through or under the said grantors by virtue

of any conveyance executed after this date by the grantors, their heirs, executors or administrators.  In witness whereof we, the grantors above named, here-unto set our hands and seals this 19th day of October, 1912.

> "ALONZO M. WAGNER.   [Seal.]
> "ISABELLE C. WAGNER.   [Seal.]"

This document was also duly executed, acknowl-edged, and recorded.  The funds raised for its sup-port having been fully expended, the school was closed June 1, 1913, since which time the defendant county has not maintained such an institution of learning. Other statements of fact are made in the stipulation, but the foregoing are deemed sufficient for the deci-sion of the case.  After hearing the argument of coun-sel on the agreed statement of facts and the pleadings, the Circuit Court rendered judgment in favor of the defendant to the effect that it was the owner in fee simple and entitled to the possession of the realty, and that it should recover costs and disbursements from the plaintiff.  He has appealed.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and an oral argu-ment by *Mr. Daniel W. Sheahan.*

For respondent there was a brief over the names of *Messrs. Cochran & Eberhard, Mr. Arthur W. Schaupp, Mr. Wallace G. Trill* and *Mr. Orlando M. Corkins,* Dis-trict Attorney, with oral arguments by *Mr. Schaupp* and *Mr. Colon R. Eberhard.*

MR. JUSTICE BURNETT delivered the opinion of the court.

A cognate question was before us in *School District No. 21 of Wallowa County* v. *Wallowa County,* 71 Or.

337 (142 Pac. 320), in which it was decided that the conveyance from the plaintiff here to the school district, prior to any breach of the condition of the deed under which this defendant claims, was inoperative to confer title upon the grantee therein because the grantor had no estate at the time which he could convey. In the instant case the plaintiff proceeds upon the theory that his conveyance to the school district was void, and hence should be disregarded. This postulate is fallacious in a certain sense. The holding in the school district case was to the effect that upon the authority of *Seeck* v. *Jakel,* 71 Or. 35 (141 Pac. 211, L. R. A. 1915A, 679), ejectment is the proper remedy to be employed by the grantor of real property to recover the same for breach of a condition subsequent. The opinion goes on to state:

"This remedy, however, does not inure to the one to whom the grantor in the original deed may afterward attempt to convey the premises either before or after breach of the condition. The reason is that by the first conveyance the whole estate went out of the grantor therein. He had nothing left to convey. True enough, there was a possibility that some time the title might return to him; but until it does, through his assertion of his right arising from the breach and his actual recovery of the land, there is nothing upon which his conveyance to a stranger can operate. Because the grantor may waive his right to insist that the condition subsequent has been broken, his chose in action in the premises is classed as a personal privilege to be asserted only by himself or his heirs. It is not assignable, and, until he actually recovers the land as upon breach of the condition, his deed confers no right upon his subsequent grantee"—citing authorities.

The effect of that decision must be limited to what was decided, namely, that, for want of an estate to convey, the so-called grantor could not pass title to

the property by the instrument in question there.   It
was not stated that the paper was utterly void for all
purposes whatever, and hence entirely negligible.   As
we shall hereinafter show, it may operate for another
purpose.

1. Counsel for the plaintiff contends with consum-
mate skill in argument that the estate held by the de-
fendant county under the deed to it from the plaintiff
was subject to a conditional limitation, constituting
a base, qualified, or determinable fee, and not merely
an estate upon condition subsequent.   The defendant
joins issue on this contention and maintains precisely
the opposite conclusion.   The controversy is focused
upon this language appearing in the deed under which
the defendant claims:

"And it is understood that this conveyance is made
and accepted on condition that said described real es-
tate is to be used for a site or portion of a site for a
county high school, and buildings connected therewith,
and for no other purpose; and, if not so used for such
purpose, the title to said real estate shall revert to the
grantors herein."

In *Blanchard* v. *Detroit, Lansing & Lake Michigan
R. R. Co.,* 31 Mich. 43 (18 Am. Rep. 142), it is said by
Mr. Chief Justice GRAVES:

"An estate upon condition is one which has a quali-
fication annexed, by which, on the happening of a par-
ticular event, it may be created, enlarged, or destroyed.
If set forth, the condition is express; and if it allows
the estate to vest, and then to be defeated in conse-
quence of nonobservance of the requirement, it is a
condition subsequent"—citing authorities.

In *Austin* v. *Cambridgeport Parish,* 21 Pick. (Mass.)
215, the plaintiff had conveyed to the defendant's
grantor—

"for the use and support of the first and all succeeding ministers, who shall be legally settled by a parish or religious society to preach in the meeting-house built by the corporation aforesaid, and all other meeting-houses which shall hereafter be built on the site where the meeting-house aforesaid stands."

The deed contained also this clause:

"Provided always, and this grant is on this express condition, that the premises aforesaid shall forever henceforth be held by said corporation, or their assigns, for the use, benefit and support of the first and all succeeding ministers, who shall be settled by a parish or religious society, to preach in the meeting-house aforesaid, and all other meeting-houses which shall hereafter be built on the site where the meeting-house aforesaid stands, and for no other purpose whatever. And in default of the appropriation of the rents and profits thereof to that purpose, this deed shall be void, and the premises aforesaid shall be and remain in the grantors, and their heirs, as though this conveyance had never been executed."

Construing this clause of the deed, the court there said:

"The terms used in this deed are those indicating, in the most direct and unequivocal manner, that the grantees were to take an estate upon condition subsequent."

*Fall Creek Township* v. *Shuman,* 55 Ind. App. 232 (103 N. E. 677), was a case depending upon the conveyance of land "containing about one-fourth of an acre, so long as the same is used for school purposes." The court thus treated the question:

"It is stated in Washburn on Real Property that the distinction between a condition subsequent and a conveyance with a limitation upon the title is technical, but clear. An example may be given by changing somewhat the language of the deed in controversy. If

the original grantor had stated in terms that the land was conveyed to the township to be used for school purposes, it would have been a condition subsequent, and, in order to divest the township of title, there must have been a re-entry of the original grantor or his heirs.   But the language in this deed, 'so long as the same is used for school purposes,' divests the title *ipso facto* upon the happening of that event, and appellee in this case, holding the legal title by conveyances from his grantors, is entitled to recover.''

In *Pepin County* v. *Prindle,* 61 Wis. 301 (21 N. W. 254), the deed of the land in question was given to the county by the defendant "upon the express condition and term that the said county of Pepin erect thereon within five years a courthouse for the use of said county and shall keep and maintain the same thereon for the space of ten years upon the express condition." This was held to be a condition subsequent.   The foregoing are authorities cited by the plaintiff.   He urges that the language of the deed makes the estate one upon conditional limitation operating to vest in the defendant something less than a fee-simple estate which automatically terminates at the time a certain thing happens.   Most of the authorities which he cites, however, depend upon the particular language used passing the property until an event happens, or as long as a use is maintained, or some such language. Such precedents are these: *Board of Chosen Freeholders* v. *Buck,* 79 N. J. Eq. 472 (82 Atl. 418), where the grant was for the purpose of building thereon public offices to hold so long as thus used and no longer; *Universalist Society* v. *Boland,* 155 Mass. 171 (29 N. E. 524, 15 L. R. A. 231), where the conveyance was to have and to hold so long as devoted to certain tenets of religious faith, otherwise to cease and vest in certain individuals; *Aumiller* v. *Dash,* 51 Wash. 520 (99

Pac. 583), where the conveyance was for use as a road and way for irrigation while so used and no longer. There are cases, indeed, which hold that language similar to that employed in the case at bar amounts to a conditional limitation and not a condition subsequent; but the touchstone is found in the determination of whether the estate passed out of the grantor to be returned upon the happening of certain events or whether but part of the estate was separated from the owner. In the former instance the result is a condition subsequent, requiring some affirmative act of the grantor or those who represent him as heirs for the purpose of regaining the estate. In the latter, where less than the fee simple has gone from the grantor, it is denominated an estate upon conditional limitation, and contains within itself the elements of its own dissolution, so that it returns spontaneously to the grantor upon the happening of the event. Under a condition subsequent there remains in the grantor no estate whatever, but only a chose in action which is personal to himself and cannot be granted to another.

Section 7102, L. O. L., says:

"A deed of quitclaim and release, of the form in common use, shall be sufficient to pass all the estate which the grantor could lawfully convey by a deed of bargain and sale."

Section 7103, L. O. L., states:

"The term 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple; and any conveyance of any real estate hereafter executed shall pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms, or be necessarily implied in the terms of the grant."

It is declared in the condition of the deed that "this conveyance is made and accepted on condition";, that is to say, the whole title of the grantor has passed from him and has been accepted by the grantee.   Nothing is reserved.   Under these sections of our Code already quoted, the language used operates to pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms or necessarily be implied by the terms of the grant.   He, himself, used the words "the conveyance is made."   It does not necessarily follow that, because a condition is appended, there passed less than all the estate which he had.   The language of Mr. Chief Justice GRAVES in *Blanchard* v. *Detroit, Lansing & Lake Michigan R. R. Co.,* 31 Mich. 43 (18 Am. Rep. 142), is peculiarly applicable to the instant case:

"Where, however, the terms are distinctly and plainly terms of condition, where the whole provision precisely satisfies the requirements of the definition, and where the transaction has nothing in its nature to create any incongruity, there is no room for refinement, and no ground for refusing to assign to the subject its predetermined legal character.   In such a case the law attaches to the act and ascribes to it a definite significance, and the parties cannot be heard to say, where there is no imposition, no fraud, no mistake, that although they deliberately make a condition, and nothing but a condition, they yet meant that it should be exactly as a covenant."

So here it was competent for the grantor to employ either a condition or a limitation to effectuate his design.   The granting clause, taken alone, operates to convey a fee-simple title.   In the very words of the conveyance it passes "all our right, title and interest in and to the following described parcel of real estate." Indeed, such must have been the contemplation of the

parties, for the instrument in question provides that "the title to said real estate shall revert to the grantors herein" upon condition broken. If it had not passed from them, it could not well revert to them. As part of the conveyance, however, the grantor appended what he denominated a condition, and we cannot impart to his words a different signification. He chose to annex a condition and not a limitation; hence, we must respect his choice and hold that the clause in question is a condition subsequent.

2. Conceding without deciding that the failure to maintain a county high school in the building which it had erected upon the premises, compelled though it was by the exercise of legislative authority, already mentioned, constituted a breach of the condition, it remains to consider the effect to be given to the deed from the plaintiff to the school district. As held in *School District No. 21 of Wallowa County* v. *Wallowa County,* 71 Or. 337 (142 Pac. 320), this instrument did not operate to convey anything to the grantee named because the grantor had then no estate which he could convey, especially as there had been no breach of the condition. On this point the rule is thus laid down in Section 207, Tiedeman, Real Property (3 ed.):

"Conditions are reserved only to the grantor and his heirs. They cannot be reserved for the benefit of third persons. As a general rule, therefore, only the grantor and his heirs have a right to enter upon condition broken, and they lose their rights if they should convey away the reversion in them. The right of entry is not an estate, not even a possibility, of reverter; it is simply a chose in action."

Almost identical language is used in 1 Tiffany, The Modern Law of Real Property, Section 75 of which says:

"The right to take advantage of a condition subsequent belongs, at common law, exclusively to the grantor or lessor and his heirs, and he cannot reserve such right to others, even by express stipulation.  Nor can the right to enforce a forfeiture, or, as it is usually called, the right of re-entry, be, at common law, assigned or transferred by the grantor to a third person before entry for the breach; this being in conformity with the common-law rule that 'nothing in action, entry, or re-entry can be granted over.'  These restrictions as to the persons able to take advantage of a breach and the inability to assign the right have been generally recognized in this country, and not only will an attempted assignment of the right of re-entry be void, but it will have the effect of destroying the grantor's right to enforce the condition, which is thereafter in effect nonexistent.''

We find this statement in 2 Reeves, Real Property, Section 721:

"An express condition (or condition in deed) cannot be validity reserved, at common law, to anyone except the grantor and his heirs; and neither it nor any right to enforce a forfeiture  for its infraction can ordinarily be assigned, or even devised away, unless the authority so to deal with it has been created by statute.   Being incident to a particular estate, as if, for example, an estate for years or life were granted away on condition by the owner of the fee, if the latter attempted to assign his reversion and the right to enter for a breach, the condition was thereby destroyed entirely, for the assignor could not enforce it because he had parted with it, and yet the assignee acquired nothing in it that he could enforce, because it was not assignable.''

Substantially the same language is used in Section 954 of 2 Washburn, Real Property (6 ed.).   Indeed, the text-writers are in unison on this point: *Berenbroick* v. *St. Luke's Hospital,* 23 App. Div. 339 (48

N. Y. Supp. 363); *Board of Education* v. *Baker,* 124 Tenn. 39 (134 S. W. 863); *Hooper* v. *Cummings,* 45 Me. 359; *Underhill* v. *Saratoga & Wash. R. R. Co.,* 20 Barb. (N. Y.) 455; *Tinkham* v. *Erie Ry. Co.,* 53 Barb. (N. Y.) 393; *Rice* v. *Boston etc. R. Co.,* 12 Allen (Mass.), 141; *Attorney General* v. *Merrimack Mfg. Co.,* 14 Gray (Mass.), 586.

3, 4. The effect of the deed from the plaintiff to the school district was a renunciation by the plaintiff of his potential future right to re-enter the land for condition broken. It was the same as though he had said to the school district:

"I do not care to enforce a possible forfeiture at any time. I wash my hands of the whole transaction; but, if you are able to recover the land, you have my permission."

As we have seen under the authorities, the plaintiff had nothing at the time which he could convey, because the estate had passed from him entirely, and there had been no breach of the condition upon which he could re-enter; and while in the aspect of affirmatively conveying an estate he accomplished nothing, yet as the waiver of the condition for once and all it has the effect to prevent his ever asserting a right of entry.

5. It is urged that only parties and privies are bound by an estoppel, but in this instance there is a privity of estate in the land which will give effect to the school district deed in favor of the defendant here as an obstacle to prevent the grantor from enforcing the condition subsequent which he has already waived. We do not find it necessary to consider whether the legislative action mentioned would operate to destroy the condition or whether the use by the county of the premises for the four years would satisfy the condition of

the deed, in the absence of any language therein compelling the defendant to maintain such a school there. As stated, the defendant expended $25,000 of the public funds in establishing the county high school, and without its fault, but in obedience to the mandate of the people in their legislative capacity, it suspended its support of the school. These circumstances present a suitable case for the application of the rule of strict construction of a condition which would work out a forfeiture, and the courts should hesitate long and apply the law strictly where the result would be to take $25,000 worth of property paid for by public funds and bestow it upon any individual for an alleged breach of condition. Something was said at the argument about what the plaintiff would do with the property if he regained the title as a result of this litigation; but we cannot give heed to such a statement. It is outside the record, and we must decide the case as it is laid in the pleadings. Moreover, as we have seen, he waived this right personal to himself and attempted to bestow it upon another. Failing to thus work out his purpose, he attempts to resume what he has laid down and to enforce a harsh forfeiture. Having once waived it, he can never take it up again.

The conclusion is that the judgment of the Circuit Court must be affirmed.

AFFIRMED.    REHEARING DENIED.