HALPIN *v.* RURAL AGRICULTURAL SCHOOL DISTRICT
NO. 9, GAINES TOWNSHIP.

1. DEEDS—REVERTER—CONDITION SUBSEQUENT.

A right of reverter reserved to grantor, his heirs, and
assigns, dependent upon the breach of a condition, creates
a condition subsequent, and said right may not be con-
veyed or assigned before the breach.

2. SAME—ASSIGNMENT OF RIGHT OF REVERTER BEFORE BREACH OF
CONDITION EXTINGUISHES RIGHT.

Where a grantor conveyed land to a school district to be
used as a site for a school house, with the reservation
that whenever it ceased to be used for school purposes
it should revert to the grantor, his heirs and assigns,
his attempt to convey his interest therein to a third party
before the condition subsequent was breached operated to
extinguish his right of reverter and left the title to the
land in the school district without any qualification.
SHARPE, MOORE, and STEERE, JJ., dissenting.

Appeal from Genesee; Brennan (Fred W.), J. Sub-
mitted April 4, 1923. (Docket No. 28.) Decided
October 1, 1923.

Bill by Leo J. Halpin against Rural Agricultural
School District, No. 9, of Gaines township to determine
the title to certain abandoned school property. From
a decree dismissing the bill, plaintiff appeals. Modi-
fied and affirmed.

*Matthews & Hicks,* for plaintiff.
*George W. Cook,* for defendant.

BIRD, J. In November, 1855, George H. Lyon was
the owner in fee simple of the southwest quarter of
section 17 in the township of Gaines, Genesee county.

On transferability of right of entry for condition broken, see
note in 60 L. R. A. 750.

On effect of attempted conveyance to extinguish possibility of
reverter upon breach of condition subsequent, see note in L. R.
A. 1916F, 311.

On the 29th day of that month he deeded a half acre in the southeast corner of the premises, upon a consideration of $5, to school district No. 6, in said township of Gaines. The deed was drawn on the ordinary form warranty deed, but contained the following provision:

"Said land to be used as a site for school house. And the said parties of the second part do hereby agree that whenever said site ceases to be used for school purposes, then all their right and title to said land shall be given over to the said party of the first part, their heirs and assigns, in the same right and title as before the execution of this instrument; together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining." * * *

On February 23, 1861, George Lyon and his wife Phoebe quitclaimed their interest in this land to John Stringer. The will of John Stringer was probated in November, 1892. This will devised these lands to Jane Gilmore, Marshall L. Stringer, and Zachariah L. Stringer, who, on the 17th day of October, 1919, quitclaimed their interest to the plaintiff herein.

School District No. 6 was consolidated with other districts, and the defendant herein is the consolidated district. After the land ceased to be used for school purposes it was claimed by both parties.

The claim of the plaintiff is that Lyon, the original grantor, annexed a condition to the deed, and when this condition was broken it reverted to Lyon and his heirs and assigns. Defendant agrees with plaintiff that Lyon retained in himself an interest which is known in the law as a "reverter," but it insists that the interest or "reverter" was not assignable before condition was broken, that only Mr. Lyon or his heirs could re-enter the land and take possession after the fee was determined, that neither a stranger nor a third party could do this. The exact point of dis-

agreement between the parties is whether the reservation in the deed created a "condition subsequent" or a "conditional limitation." The plaintiff insists that the conveyance created a conditional limitation, and after the condition was broken the premises vested in the assigns of George H. Lyon. The defendant argues that the reservation created a condition subsequent, that the right of re-entry was reserved to the grantor and his heirs, and that this right was not assignable.

It appears to have been a rule of the common law that a condition annexed to real estate could be reserved only to the grantor or devisor and his heirs; that after the breach of the condition the estate did not *ipso facto* terminate, but continued until the grantor or his heirs made an entry on the land, who alone could take advantage of the breach. Another rule was that if the condition was followed by a limitation over to a third person instead of to himself and heirs and the condition was breached, it was called a conditional limitation, and the estate vested at once in the third party. It is also said that where the reservation was made to the grantor and his heirs this right remained in him and his heirs when the fee passed out of the grantor, but where the reservation was made to a third party nothing remained with the grantor because the whole estate passed out of him, and in case of a breach of his condition the third party was immediately vested with the right to enter and take possession.

In *Brattle Square Church* v. *Grant*, 3 Gray (Mass.), 142 (63 Am. Dec. 725), where a similar question was considered, the distinction between a condition subsequent and a conditional limitation is so clearly set forth that we think we should give it space:

"By the common law, a condition annexed to real estate could be reserved only to the grantor, or de-

visor, and his heirs.    Upon a breach of the condition, the estate of the grantee or devisee was not *ipso facto* terminated, but the law permitted it to continue beyond the time when the contingency upon which it was given or granted happened, and until an entry or claim was made by the grantor or his heirs or the heirs of the devisor, who alone had the right to take advantage of a breach.    2 Bl. Com. 156; 4 Kent Com. (6th Ed.) 122, 127.    Hence arose the distinction between a condition and a conditional limitation.    A condition, followed by a limitation over to a third person in case the condition be not fulfilled, or there be a breach of it, is termed a conditional limitation.    A condition determines an estate after breach, upon entry or claim by the grantor or his heirs, or the heirs of the devisor.    A limitation marks the period which determines the estate, without any act on the part of him who has the next expectant interest.    Upon the happening of the prescribed contingency, the estate first limited comes at once to an end, and the subsequent estate arises.    If it were otherwise, it would be in the power of the heir to defeat the limitation over, by neglecting or refusing to enter for breach of the condition.    This distinction was originally introduced in the case of wills, to get rid of the embarrassment arising from the rule of the ancient common law, that an estate could not be limited to a stranger, upon an event which went to abridge or destroy an estate previously limited.    A conditional limitation is therefore of a mixed nature, partaking both of a condition and of a limitation; of a condition because it defeats the estate previously limited; and of a limitation, because, upon the happening of the contingency, the estate passes to the person having the next expectant interest, without entry or claim.

"There is a further distinction in the nature of estates on condition, and those created by conditional limitation, which it may be material to notice.    Where an estate in fee is created on condition, the entire interest does not pass out of the grantor by the same instrument or conveyance.    All that remains, after the gift or grant takes effect, continues in the grantor, and goes to his heirs.    This is the right of entry, as we have already seen, which, from the nature of the grant is reserved to the grantor and his heirs only,

and which gives them the right to enter as of their old estate, upon the breach of the condition. This possibility of reverter, as it is termed, arises in the grantor or devisor immediately on the creation of the conditional estate. It is otherwise where the estate in fee is limited over to a third person in case of a breach of the condition. Then the entire estate, by the same instrument, passes out of the grantor or devisor. The first estate vests immediately, but the expectant interest does not take effect until the happening of the contingency upon which it was limited to arise. But both owe their existence to the same grant or gift; they are created *uno flatu;* and being an ultimate disposition of the entire fee, as well after as before the breach of the condition, there is nothing left in the grantor or devisor or his heirs. The right or possibility of reverter, which, on the creation of an estate in fee on condition merely, would remain in him is given over by the limitation which is to take effect on the breach of the condition.

"One material difference therefore, between an estate in fee on condition and on a conditional limitation, is briefly this: That the former leaves in the grantor a vested right, which, by its very nature, is reserved to him as a present existing interest, transmissible to his heirs; while the latter passes the whole interest of the grantor at once, and creates an estate to arise and vest in a third person, upon a contingency, at a future and uncertain period of time."

In 23 R. C. L. p. 1104, it is said:

"Where land is conveyed on a condition subsequent the right of reverter in the grantor on breach of the condition is not assignable, and, on breach of the condition, it reverts to the grantor or his heirs and not to his assignees. No other person than the grantor, or his heirs, can take advantage of a condition which requires a re-entry in order to revest the former estate. The reason why a conveyance of land by one who has previously conveyed on a condition subsequent passes no title to the grantee is that by the first conveyance the whole estate went out of the grantor therein. He had nothing left to convey. It is true that there is a possibility that sometime the

title may return to him; but until it does, through his assertion of his right arising from the breach and his actual recovery of the land, there is nothing on which his conveyance to a stranger can operate. It has been held that, while he who would be entitled to an estate, if the fee conditional should presently determine, cannot devise or convey it, yet he may release it to the tenant in fee conditional, so as to make his estate an absolute fee simple."

It was said in *Blanchard* v. *Railroad Co.*, 31 Mich. 43 (18 Am. Rep. 142), that:

"An estate upon condition is one which has a qualification annexed, by which, on the happening of a particular event, it may be created, enlarged, or destroyed. If set forth, the condition is express, and if it allows the estate to vest, and then to be defeated in consequence of non-observance of the requirement, it is a condition subsequent."

See *Wagner* v. *Wallowa County*, 76 Or. 453 (148 Pac. 1140, L. R. A. 1916F, 303).

If we are to test the present case by these rules we must conclude that the provision in Mr. Lyon's deed created a condition subsequent because the reservation was made to himself and his heirs. The reservation was not made to a third person. It was provided that upon the happening of a particular event it should come back to him and his heirs. This being true the only persons who could make a re-entry after the condition was breached was George Lyon, or his heirs. Before the breach of condition Lyon quitclaimed the premises to Stringer. Under the authorities this conveyance did not convey the legal right which Lyon reserved to himself and heirs to Stringer to re-enter the premises when the condition was broken. The authorities all hold, and counsel in the present case concede, that the possibility of a reverter is of such a character that it cannot be conveyed or assigned. 2 Washburn, Real Property (4th Ed.), p. 13; *Nicoll* v. *Railroad Co.*, 12 N. Y. 121; *Van Rensselaer* v. *Ball,*

19 N. Y. 100; *Rice* v. *Railroad Co.*, 12 Allen (Mass.), 141; *Ruch* v. *Rock Island*, 97 U. S. 696; *O'Donnell* v. *Robson*, 239 Ill. 634 (88 N. E. 175); *Strothers* v. *Woodcox*, 142 Iowa, 648 (121 N. W. 51). So we must conclude that the conveyance to Stringer was of no force because Lyon had nothing at that time to convey; the condition was not yet broken. The question then arises, Could the heirs of George Lyon enter now and repossess themselves of the premises? The authorities appear to hold, without exception, that an attempt upon the part of the grantor to convey this possibility of reverter before the condition is broken, as George Lyon attempted to do in this case, extinguishes the right of himself and heirs to re-enter after condition is broken.

In *Board of Education* v. *Baker*, 124 Tenn. 39 (134 S. W. 863), it was held that the right to enforce a forfeiture in case of a future breach of a condition subsequent was not grantable, being but the bare possibility of an interest; but that the attempted conveyance operated as a relinquishment of the grantor's right of re-entry, and an election upon his part not to exercise it.

Likewise, in *Stevens* v. *Railway Co.* (Tex. Civ. App.), 169 S. W. 644, it was held that though a subsequent conveyance is ineffectual to confer the right to take advantage of the breach of the condition subsequent, yet, that such deed serves wholly to release and discharge the condition stipulated in the original deed.

In *Berenbroick* v. *St. Luke's Hospital*, 155 N. Y. 655 (49 N. E. 1093), in which the question before the court was whether there was any defect in the title tendered by vendor, it was held, chiefly upon the authority of the earlier New York cases, that a condition subsequent, relative thereto, had been destroyed by deed by which the original grantor undertook to

convey and release the property and all its interests therein.

Also, in *Tinkham* v. *Railway Co.*, 53 Barb. (N. Y.) 393, which was an action by the heirs of the original grantor to recover the property conveyed, on the ground that there had been a breach of the condition, it was held, upon the authority of *Hooper* v. *Cummings*, 45 Me. 359, that a conveyance executed by the original grantor to a third person, which covered a part of the land in dispute, had the effect of destroying the entire condition.

To the same effect are *Rice* v. *Railroad Co.*, 12 Allen (Mass.), 141; *Hooper* v. *Cummings, supra;* Tiedman, Real Property (3d Ed.), § 207; 2 Washburn, Real Property (4th Ed.), p. 17; 2 Reeves, Real Property, p. 1018; 1 Tiffany, Real Property, § 75.

A recent and similar case on this question is reported in *Wagner* v. *Wallowa County*, 76 Ore. 453 (148 Pac. 1140). A valuable note to this case will be found in L. R. A., 1916F, 311, which contains a very full review of the authorities.

Counsel for plaintiff attack this rule and the reasons upon which it rests. The writer of this opinion is not greatly impressed with the refinements and distinctions between "conditions subsequent" and "conditional limitations," nor with the rule that an attempt to convey a reverter attached to a condition subsequent extinguishes it. The editor's comment in the note in *Wagner* v. *Wallowa County*, heretofore referred to, on the latter rule is worthy of repetition:

"It is not difficult to imagine that a layman, browsing in the green and fertile pastures of the law reports, and chancing therein to peruse the case of *Wagner* v. *Wallowa County, supra,* might wonder by what legerdemain a right, created by solemn compact between grantor and grantee, had been made to vanish into thin air. It would puzzle him to understand how an unsuccessful attempt to convey can have the effect

of destroying the thing that is not conveyed. 'How is it,' he would say, 'that what does not pass does not remain?' His bewilderment would only be increased if he were informed that all the American courts which have had occasion to pass upon the question have, practically without dissent, decided it in the same way."

The further question is discussed by counsel whether defendant would have a right to remove the school house from the premises in question. It will be unnecessary to consider this question because we have reached the conclusion that the reservation in the deed creates a condition subsequent; that before the condition was broken Mr. Lyon undertook to convey the interest to John Stringer; and that this conveyance to Stringer extinguished his right of reverter. This left the title to the half acre in school district No. 6 without qualification.

There are some intimations in the brief of defendant's counsel that the right to the real estate is waived. If defendant is in a mood to waive its rights to the real estate, the waiver can be expressed by the parties in a more definite way than upon this record. The decree of the trial court will be affirmed as modified, with reference to the present status of the title to the land. No costs will be granted either party.

FELLOWS, MCDONALD, and CLARK, JJ., concurred with BIRD, J.

SHARPE, J. I concur as to the rights of plaintiff. The rights as to the heirs of Lyon are not here presented.

MOORE and STEERE, JJ., concurred with SHARPE, J. WIEST, C. J., did not sit.