351 Mich. 323 (1958)
88 N.W.2d 422
LAKE SECTION COMMUNITY SCHOOL DISTRICT NO. 53
v.
GEARHART.
Docket No. 33, Calendar No. 47,402.
Supreme Court of Michigan.
Decided March 5, 1958.
C.L. Stickler, for plaintiff.
Leonard J. Weiner and Roy H. Hagerman, for defendants.
In 1892 the then owners of a tract of farm land leased to a local school district (which former district *324 is now a part of the plaintiff community school district) a square-shaped portion of such tract (measuring 9-1/2 rods each way) for school purposes. The instrument declared the term of demise as being "for and during the term of 75 years from date;" stipulated that the total cash consideration be the sum of $25; required the lessors "to keep up the fence on the east side" and the lessee school district to "keep the fence up in good repair on the north side," and concluded with the following provision:
"As soon as the school district ceases to use the above described land for schoolhouse purposes the same shall revert back to the party of the first part, their heirs and assigns."
The plaintiff school district, having recently terminated use of the demised parcel for school purposes and having concluded that it was outright owner thereof, undertook to sell the parcel (with the old schoolhouse situated thereon) at public auction. Defendant Gearhart bid the sum of $1,800 and, such being the highest bid, Gearhart paid $200 to the school district as earnest money. Later, and on advice of counsel, Gearhart refused to accept a deed from the school district, alleging that the latter could not convey title in fee. The remaining defendant, Emory Sweder, asserts that he is owner of the parcel as last grantee in the chain of title leading from the original lessors. It is agreed, and the chancellor found, that defendant Sweder claims no "present right to possession of the premises involved." Sweder simply wants his title perfected so that he may take possession at end of the 75-year term.
Controversy having arisen in the manner shown, the plaintiff school district filed what the chancellor treated as a bill for declaratory determination of its *325 claimed title and consequent right to convey. It urged below and contends here (the following is taken from the opinion of the chancellor):
"It is the claim of plaintiff that the instrument should be so construed that a merchantable fee simple title is owned by the school district which it may convey by warranty deed to defendant Gearhart under the appropriate provisions of the school code. The substance of plaintiff's contention is that because the school district may not erect a frame schoolhouse on any school site without owning the fee or having a lease for at least 50 years, the 75-year provision in the above instrument was inserted to comply with the statute and not to determine the estate transferred and that because the first party in said instrument conveyed the premises before the school site ceased to be used for schoolhouse purposes the condition was extinguished and a fee simple title thereby became vested in the school district. It relies upon School District No. 5 of Delhi v. Everett, 52 Mich 314; and Halpin v. Rural Agricultural School District No. 9, Gaines Township, 224 Mich 308, and other cases of like import."
BLACK, J. (after stating the facts).
The instrument in question presents no interpretive difficulty and its mutually intended purpose is made clear by words simply employed. It is a lease of land for a specified term of years and cannot be termed a conveyance of title whether the contemplated educational use of the demised parcel be continued or discontinued during such term. Unlike Delhi, it is not "a lease in perpetuity at the will of the lessee." Further, and as to Halpin, we note that an actual conveyance of title was involved.
The chancellor correctly held:
"The court is of the opinion that the instrument here under consideration must be construed as a lease for the term of 75 years, by the lapse of which *326 time the right of plaintiff to possession will terminate. It was the intention of the parties thereto, to so provide, and the instrument is effective to carry out such intention."
Having determined that the lessors intended to and did demise an estate in possession only, we need not consider the interesting question  outlined above by the chancellor  the school district would have us settle.
Affirmed. No costs.
DETHMERS, C.J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.