Mike KILPATRICK
and Ponderosa Ranch,
a partnership consisting of
Benjamin and Genevieve Fleming,
Fred and Wendy Fleming
and Isaac and Nancy Oren,
*Appellants,*

*v.*

SNOW MOUNTAIN PINE CO.,
an assumed business name of
Raymond A. Feichtmeir and The Pentron Corporation;
Oregon & Northwestern Railroad;
and A & K Railroad Materials, Inc.,
*Respondents.*

(89-04-0128 CV; CA A62473)

805 P2d 137

John L. Jacobson, Baker, argued the cause for appellants. On the briefs were Mike Kilpatrick, *pro se,* and Kilpatricks, Mt. Vernon.

Stephen D. Finlayson, Burns, argued the cause and filed the briefs for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought an action for conversion and trespass against defendants. The critical issue is the ownership of an abandoned railroad line.[1] The court granted defendants' a summary judgment, and plaintiffs appeal. We affirm. The facts are not disputed. In 1927, plaintiffs' predecessor in title deeded to defendants' predecessors in title an interest in a strip of land 90 feet wide and 7 miles long for a railroad right-of-way. The deed provided that the land was to be used for railroad purposes only and, in the event of abandonment of the premises or cessation of its use as a railroad, all rights of the grantee "shall be deemed terminated and shall revert to the" grantors. In 1988, the Interstate Commerce Commission allowed abandonment of the railroad line.

Plaintiffs contend that, when the line was abandoned, title to the land automatically reverted to them as successors to the grantors. Defendants argue, and the trial court held, that the conveyance created an estate on a condition subsequent with a right of reentry that could not be conveyed and was extinguished when the original grantors attempted to convey their interest in 1946. *See Wagner v. Wallowa County,* 76 Or 453, 148 P 1140 (1915); *State ex rel Dept. of Trans. v. Tolke,* 36 Or App 751, 586 P2d 791 (1978), *rev den* 286 Or 149 (1979). The trial court held, alternatively, that the grantors' interest had been terminated, because it was not recorded as required by ORS 105.772. Plaintiffs argue that, if that statute is applicable, it is unconstitutional.

In their briefs, the parties base their arguments on the characterization of the interest created by the 1927 deed. At oral argument, however, they agreed that, whichever characterization is correct, the interest that was created is governed by ORS 105.772 and that, because it was not recorded by the deadline, January 1, 1980, *see* ORS 105.772(4), it was extinguished,[2] if the statute is constitutional.

---

[1] Plaintiffs filed the action when defendants began removing the rails and ties. Both parties claim ownership of the underlying real property and the improvements.

[2] Plaintiffs invite us to construe the 1927 deed as creating an easement, which would not be covered by ORS 105.772. The language of the conveyance is not even arguably susceptible of that construction.

ORS 105.772 provides, in part:

"The following shall apply to all possibilities of reverter and rights of entry limited on fees simple existing on January 1, 1978:

"(1) A special limitation or a condition subsequent, which restricts a fee simple estate in land, and the possibility of reverter or right of entry for condition broken thereby created, shall be extinguished and cease to be valid, unless within the time specified in this section, a notice of intention to preserve such possibility of reverter or right of entry is recorded * * *.

"* * * * *

"(4) * * * [I]f such possibility of reverter or right of entry was created prior to January 1, 1950, the notice may be recorded within two years after January 1, 1978."

Plaintiffs assert, with virtually no supporting argument, that the statute violates (1) Article I, section 21, of the Oregon Constitution and Article I, section 9, of the United States Constitution, which prohibit the passing of *ex post facto* laws; (2) Article I, section 10, of the United States Constitution, which prohibits the passing of laws impairing the obligation of contracts; and (3) Article I, section 18, of the Oregon Constitution and the Fifth Amendment to the United States Constitution, which prohibit the taking of private property for public use without just compensation.

■ The Oregon Constitution's prohibition against *ex post facto* laws applies only to criminal statutes. *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977); *State ex rel. Stadter v. Patterson,* 197 Or 1, 251 P2d 123 (1952). The prohibition against *ex post facto* laws in the United States Constitution is also limited to criminal statutes. *United States Trust Co. v. New Jersey,* 431 US 1, 97 S Ct 1505, 52 L Ed 2d 92 (1977).

■■ The prohibitions against impairing the obligation of contracts in both the state and federal constitutions are not absolute. *United States Trust Co. v. New Jersey, supra; see Evans v. Finley,* 166 Or 227, 237, 111 P2d 833 (1941). Legislation adjusting the rights and responsibilities of contracting parties must be on reasonable conditions and of a character appropriate to the public purpose justifying its adoption. Here, the "impairment" is not great, merely a requirement

that, if a party wished to preserve its rights in a future contingent interest, it had to record that interest. It is evident that the purpose was to provide records of the nature of possible clouds on the title to real property in the state. Similar recording statutes in other jurisdictions have survived similar constitutional challenges. *See, generally,* Annot., 87 ALR 3d 1011, 1019 (1978). We conclude that requiring the owner of a contingent future interest to record that interest if the owner wishes to preserve it is justified by the purpose of notifying the public of possible clouds on title. Two years was a reasonable period of time in which to require owners to record those future contingent interests.

■ The statute does not effect a taking under either the state or the federal constitution. It may extinguish plaintiffs' interest in the right-of-way for a public purpose, but it does not *take* it for a public *use.* Plaintiffs argue that a railroad right-of-way is a public use. That may be so. However, the grantors' rights in this property are not being taken for the purpose of securing a railroad right-of-way. The statute does not extinguish them in favor of the public. Indeed, the statute extinguishes plaintiffs' rights in favor of defendants, who are private parties.

> "Regulation in pursuit of a public policy is not equivalent to taking for a public use, even if the regulated property is land." *Suess Builders v. City of Beaverton,* 294 Or 254, 259, 656 P2d 306 (1982).

■ In their reply brief, plaintiffs also contend that the statute is unconstitutional because it is retroactive. They cite two cases from other jurisdictions dealing with statutes significantly different from the one at issue here. We do not find those cases helpful. The Oregon Constitution does not prohibit retroactively acting statutes. *Fisher et al v. City of Astoria,* 126 Or 268, 286, 269 P 853 (1928). The United States Constitution prohibits retroactive legislation only when it is "arbitrary and irrational" or particularly "harsh and oppressive." *Usery v. Turner Elkhorn Mining Co.,* 428 US 1, 96 S Ct 2882, 49 L Ed 2d 752 (1976); *Welch v. Henry,* 305 US 134, 59 S Ct 121, 83 L Ed 87 (1938). The minimal requirements imposed by the recording statute and the time allowed for compliance are not arbitrary or irrational and do not create a harsh or oppressive situation.

We conclude that ORS 105.772 is constitutional and that plaintiffs' interest in the right-of-way, however characterized, was extinguished no later than January 1, 1980, by their failure to record the interest.

Affirmed.