53b 393|
23ap343

TINKHAM and others *vs.* THE ERIE RAILWAY COMPANY.

A railroad company, on purchasing land, has the right to pay a part of the consideration therefor, by keeping open portions of the same as public streets. Hence a condition in the deed that certain portions of the land conveyed shall be kept open as public streets, is not void as imposing a duty or trust upon the corporation inconsistent with its business, and outside of the objects for which it was formed.

Whenever the reversion is granted by the maker of a condition contained in a previous grant, the condition is gone.

Where land is conveyed as one piece, subject to a condition, the condition is entire, and a breach of it gives the grantor or his heirs the right to re-enter and take the whole land. The land being a single parcel, the condition on which it was conveyed cannot be apportioned by the grantor.

Where the grantor in a conveyance of land as one parcel, on condition, subsequently conveys a portion of the land to another, the latter conveyance, though void as against the previous grantee, is operative as between the parties to it, destroys the condition in the original deed, and passes the grantor's title, or whatever other rights he had to the land embraced in it, and estops him, or his heirs, from recovering any portion of the land which it purports to convey, for a breach of the condition.

THE plaintiffs were nonsuited at the Tioga circuit in March, 1665, and after judgment was entered against them for costs, they appealed to the general term of this court.

*Charles A. Munger*, for the plaintiffs.

*George S. Camp*, for the defendant.

. *By the Court*, BALCOM, J. The defendant occupies the land in dispute, in virtue of a title derived under a deed given by John R. Drake to the New York and Erie Railroad Company; which deed contains this clause, namely: "To have and to hold the above granted and described premises, with the appurtenances, unto the said party of the second part, their successors and assigns forever; only, however, for purposes connected with the legitimate business of said New York and Erie Railroad Company; to have and to hold as aforesaid all that part of the above described premises lying easterly of McMaster street, except that part which is embraced by a line drawn parallel with and two and a quarter rods distant from said center line on each side of the same, upon the further condition that said company shall keep and place their passenger depot on the east side of the street known as Ithaca street, formerly the Ithaca and Owego turnpike, and that forty feet in width of the lands hereby conveyed on the south side thereof from said Drake's east bounds to Ithaca street; thirty feet in width from said Ithaca street to the Cayuga and Susquehanna Railroad, *shall be kept open as a public street;* also that thirty feet in width on the north side of the land hereby conveyed from the Cayuga and Susquehanna Railroad, to the east bounds of said Drake's land, except on the space between Ithaca street and the junction of West Avenue with the lands hereby conveyed, shall be kept open as a public street."

The plaintiffs claim the land in dispute, as heirs or devisees of the said John R. Drake, now deceased; and they insist that the defendant, as successor of the New York and Erie Railroad Company, is not entitled to hold such land, for the reason that the portions thereof which, by the terms of said deed, were to be kept open as *public streets*, have not been so kept open, but have been obstructed by a storehouse, and by lumber, earth and other things which the defendant's agents and servants placed upon the same.

It is quite clear that the defendant took the land in dispute subject to the condition contained in Drake's deed, and that the defendant broke such condition by obstructing the portions of the land which should have been kept open as public streets.

The defendant's counsel made the point, upon the trial, and insists upon it here, that the condition in Drake's deed imposed a duty or trust upon the New York and Erie Railroad Company inconsistent with the business of that company, and outside of the objects for which such company was formed, and that consequently it was void as to that company, and is not binding upon the defendant. But I am unable to agree to this proposition. I think the railroad company had the right to pay part of the consideration for the land they purchased of Drake, by keeping open portions of the same as public streets. The true rule, applicable to the question, was stated by Chancellor Walworth, in the *Matter of Howe, executor, &c.,* (1 *Paige's Ch. Rep.* 214,) which is: "Where property is devised or granted to a corporation, partly for its own use and partly for the use of others, the right of the corporation to take and hold the property for its own use, carries with it, as a necessary incident, the power to execute that part of the trust which relates to others."

The condition in Drake's deed did not require the railroad company to have any portion of the land described in it made public streets by officers of the town, but only required the company and their successors to keep such portions open *as* public streets; which the railroad company and the defendant could very easily have done.

The defendant's counsel claims that Drake or the plaintiffs have done acts that amount to a waiver of the right of forfeiture for the breach of the condition in the deed referred to. But aside from the conveyance to the Cayuga and Susquehanna Railroad Company, which I shall

presently consider, I very much doubt whether any or all of the acts of Drake and the plaintiffs constitute such a waiver. Their acts differ from those that were held to constitute a waiver, in *Ludlow* v. *The N. Y. and Harlem R. R. Co.,* (12 *Barb.* 440.) And see *Jackson* v. *Crysler,* (1 *Johns. Cases,* 125;) *Gray* v. *Blanchard,* (8 *Pick.* 284;) and *Washburn on Real Property, (vol.* 1, *p.* 455.)

The conveyance executed by Drake to the Cayuga and Susquehanna Railroad Company covered a part of the land in dispute. That deed, though void as against the N. Y. and Erie Railroad Company and the defendant, was operative as between the parties to it, and passed Drake's title, or whatever other rights he had to the land embraced in it. (*Livingston* v. *Proseus,* 2 *Hill,* 526. *Cameron* v. *Irwin,* 5 *id.* 272.) That deed certainly estops the plaintiffs from recovering any portion of the land which it purports to convey; and title in a third person is always a defense to an action of ejectment. (*Bloom* v. *Burdick,* 1 *Hill,* 130.)

The whole of the land in dispute was conveyed as one piece by Drake to the N. Y. and Erie Railroad Company, and the condition upon which it was conveyed was entire. A breach of it, therefore, gave the grantor or his heirs the right to re-enter and take the whole land. The land being a single parcel, the condition on which it was conveyed could not be apportioned by the grantor; and the reason given in the books, for this rule, is that a condition is "against common right." (1 *Greenl. Cruise on Real Property,* 511.)

Whenever the reversion is granted by the maker of the condition, the condition is gone. (*Hooper* v. *Cummings,* 45 *Maine Rep.* 359.)

I am constrained to hold that the conveyance by Drake to the Cayuga and Susquehanna Railroad Company destroyed the entire condition in his deed to the N. Y. and Erie Railroad Company; and my conclusion, therefore, is

Burdick *v.* Washburn.

that the plaintiffs were properly nonsuited at the trial, and that their motion for a new trial should be denied, with costs.

So decided.

[BROOME GENERAL TERM, July 10, 1866. *Balcom, Mason* and *Parker*, Justices.]