THE SENECA NATION OF INDIANS, Appellant, *v.* CHARLES E. APPLEBY, Respondent.

Indians — status of Indian nations or tribes — neither the tribe nor its individual members can maintain actions to recover lands belonging to the tribe unless authorized by statute — statutory right of Seneca nation of Indians to bring such an action.

The purpose for which actions to determine claims to real estate are authorized is to secure possession and quiet titles, for it is to the interest of the community that real estate shall be readily transferable and that the titles thereto shall be reasonably marketable.

The status of the Indian nations or tribes is anomalous. They are not citizens of the state and their tribes, though not treated as independent foreign nations, are not subject to the jurisdiction of the state to the same extent as citzens of the state or of other states. It is the settled law that neither the tribe nor its individual members can maintain an action to recover the property of the tribe without special authority.

Section 55 of the Indian Law (Cons. Laws, ch. 26, § 54) authorizes the Seneca nation of Indians to bring certain actions with reference to real estate on their reservations. but provides that nothing therein contained shall enlarge or in any way affect the right, title or interest of the Seneca nation, or of such Indians in and to such reservations, as between them and the grantees or assignees of the pre-emption right of such reservations under the grants of the state of Massachusetts.

The complaint herein alleges possession and ownership by the Seneca nation in fee of lands on its reservations and that defendant claims title thereto under various mesne conveyances from the state of Massachusetts, and prayed judgment that defendant be barred from all interest therein. Defendant set f rth his claim as successor in interest of the right of pre-emption of that state to own the lands in fee subject only to plaintiff's right of occupancy. *Held*, that the only purpose of the statutory provision is to enable the Indian nation to protect the occupancy and possession of its lands and recover indemnity from any persons who have violated that right; that plaintiff has no right to sue upon the cause of action alleged in the complaint and the court is prohibited by statute from determining the controversy.

*Seneca Nation* v. *Appleby*, 127 App. Div. 770, reversed.

(Argued October 26, 1909; decided November 9, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

August 4, 1908, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Van Voorhis* and *Adelbert Moot* for appellant.

*William Harison, George Waddington* and *Charles E. Appleby* for respondent.

Cullen, Ch. J.    The action was brought by the plaintiff under article V, title 1, chapter 14 of the Code of Civil Procedure to compel the determination of a claim to real property. The complaint alleged possession and ownership in fee of lands commonly known as the Allegany and Cattaraugus reservations, situated in the counties bearing those names; that the plaintiff had been in possession of said real estate more than one year, claiming to own them in fee; that the defendant unjustly claimed an estate or interest in such property by and under various mesne conveyances from the state of Massachusetts, and prayed judgment that the defendant and all claiming under him be barred from all claim, estate or interest in said real estate. The defendant answered denying both the title and possession of the plaintiff, and set forth his own claim as successor in interest of the right of pre-emption of the state of Massachusetts to own the lands in fee subject only to the plaintiff's right of occupancy. The action was brought on for trial before the court and jury. At the conclusion of the evidence each party asked for the direction of a verdict in its favor. By consent the court reserved its decision, it being stipulated that thereafter the court might direct a verdict in favor of the party deemed entitled thereto as if the same had been done on the trial of the action. The defendant's motion was based on these grounds: That the defendant was the owner in fee of the lands in dispute and entitled to the pre-emption of the plaintiff's tribal right of occupancy; that the plaintiff had not

been in possession for one year before the commencement of the action, or during any time, of the lands in suit; that the plaintiff had a mere tribal right of occupancy; that the plaintiff had not for any time claimed an estate in fee or for life or for a term of years. Subsequently the court directed that a verdict be entered as if given by the jury on trial that "the plaintiff has no cause of action and the defendant is the owner in fee of the premises subject to the right of occupancy of the Seneca Nation of Indians, which right of occupancy will cease only with the dissolution of said Nation or its consent to sell to the owner of the right of pre-emption, and that defendant is possessed of the right of pre-emption of such right of occupancy." From the judgment entered upon this verdict the plaintiff appealed to the Appellate Division where the judgment was affirmed by a divided court.

The main question involved in this controversy is the respective rights and title of the Seneca Nation of Indians and of the defendant as successor in interest and assignee of the right conferred upon the state of Massachusetts under the treaty made between that state and this state in the year 1786. The question has been argued before us by the respective counsel of the parties with great ability and an industry of research not merely in judicial decisions, but in historical lore that could not well be surpassed. Interesting as the question is we shall not discuss it, for we are entirely clear that the courts below had no power to determine it in this action, nor have we the power to review on this appeal the merits of the decision of it made by them. As is well known, the status of the Indian nations or tribes is anomalous. They are not citizens of the state and their tribes, though not treated as independent foreign nations, are not subject to the jurisdiction of the state to the same extent as its citizens. It is the settled law that neither the tribe nor its individual members can maintain an action to recover the property of the tribe without special authority. (*Johnson* v. *Long Island R. R. Co.,* 162 N. Y. 462.) No general statute giving such a right and applicable to all Indians has been enacted, but there have been

passed acts authorizing certain Indian nations to sue in our courts for certain purposes and to a certain extent. The earliest relative to the present plaintiff was enacted in 1845 (Ch. 150). From time to time subsequently other laws were enacted to which it is unnecessary to refer, for the right of the plaintiff to maintain this action, if such a right exist·, must be found in the present Indian Law. Section 55 of that statute, so far as material, is as follows: " Prosecution of actions and disposition of recovery.— The Seneca nation may prosecute by the name of ' The Seneca Nation of Indians,' actions and proceedings to protect their rights and interests to the Allegany, Cattaraugus and ' oil spring reservations,' and may maintain an action of ejectment to recover the possession of any part of such reservations unlawfully withheld from them, and an action for injury to the soil of such reservations, or for cutting down or removing or converting timber or wood growing or being thereon, or an action of replevin for timber or wood removed therefrom, and for the recovery of damage for injury to the common property or rights of such Indians, or for the recovery of money, property or effects, due or to become due, or belonging, or in any way appertaining to such Indians in common, or to the Seneca nation ; and in every such suit, action or proceeding in relation to lands or real estate, situated within the said reservations, the Seneca nation may allege a seisin in fee ; and every recovery in such action shall be as and for, and in reference to a fee; but neither such recovery or anything herein contained shall enlarge or in any way affect the right, title or interest of the Seneca nation, or of such Indians in and to such reservations, as between them and the grantees or assignees of the pre-emption right of such reservations under the grants of the state of Massachusetts." It will be seen that the only purpose of this statutory provision is to enable the Indian nation to protect the occupancy and possession of its lands and to recover indemnity from any persons who violate that right. This is the whole extent to which the statute goes. An examination of the earlier stat-

21

utes, if such be deemed profitable, will show that no greater power to institute actions had ever been conferred upon the plaintiff.    As was said by Judge Edward T. Bartlett in the *Johnson Case (supra)* : "A decision holding that this action could be maintained either by the tribe, or an individual member thereof, on behalf of himself and all others who should come in and contribute, would be contrary to the policy. and practice which have been long established in our treatment of the Indian tribes.    They are regarded as the wards of the state, and, generally speaking, possessed of only such rights to appear and litigate in courts of justice as are conferred upon them by statute." (p. 467.)    Therefore, the effect of the statute cannot be extended beyond its terms.    But if it were to be assumed that an action like the present one could be maintained against other persons for the determination of other claims, it is certain that the action cannot be maintained to determine the particular claim which is here the subject of controversy, for the statute concludes, as already quoted, "the Seneca nation may allege a seisin in fee ; and every recovery in such action shall be as and for, and in reference to a fee ; but neither such recovery or anything herein contained shall enlarge or in any way affect the right, title or interest of the Seneca nation, or of such Indians in and to such reservations, as between them and the grantees or assignees of the pre-emption right of such reservations under the grants of the state of Massachusetts."    Actions of this character are the creature of the statute (*Austin* v. *Goodrich*, 49 N. Y. 266), and necessarily a statute may limit the effect of such action and prescribe what may be litigated therein.    In the portion of the section quoted it is expressly prescribed that no *recovery* in any action authorized by the statute "shall enlarge or in any way affect" the title or interest of the Seneca Nation as between it and the grantees of the state of Massachusetts of the pre-emption right.    It may, therefore, well be doubted whether the judgment in this case would be of any force even against a collateral attack. (*Bigelow* v. *Forrest*, 76 U. S. 339 ; *Day* v. *Micou*, 85 U. S. 156.)    However that may be,

a judgment which the court had no jurisdiction to render must be reversed on appeal. (*Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237.) It is urged that as the defendant did not demur to the complaint on the ground that the plaintiff had no capacity to sue, the objection was waived. But the objection to the judgment rendered in this case is of a much graver character. It is not merely that the plaintiff had not the right to sue, but that the court was prohibited by statute from determining the controversy.

Nor is it at all a subject of regret that we find that the action cannot be maintained. On the contrary, we think it eminently wise of the legislature not to have authorized a determination now of questions which may not arise until the remote future, and whose determination, when they arise, may be seriously affected by considerations we cannot now foresee. The purpose for which actions to determine claims to real estate are authorized is to secure possession and quiet titles, for it is to the interest of the community that real estate shall be readily transferable and that the titles thereto shall be reasonably marketable. In the case of ordinary ownership the title of property is apt to be transferred every few years, but as so often pointed out by our courts, the status of the Indians is anomalous and their right *sui generis*. Whatever may be the controversy between the parties to this action it is conceded, and it is indisputable if it were not conceded, that the Indians may occupy their land, utilize it as they see fit and enjoy its fruits to the fullest extent as long as the tribe or nation continues to exist. Under the Federal decisions the Indians on government lands may cut timber for use connected with their occupation of the land or to improve the land for the purpose of cultivation, but not solely for sale. (*U. S.* v. *Cook*, 86 U. S. 591.) In our state, however, they seem to have the right to cut timber for sale. (*Ogden* v. *Lee*, 6 Hill, 546 ; *Fellows* v. *Lee*, 5 Denio, 628.) Their right of possession and enjoyment is, therefore, immune from attack, at least, as long as the tribe continues to exist. It has existed for more than a century ; it may possibly exist

for centuries to come. Even now the parties are contending as to the meaning of the judgment which has been rendered in the trial court, the respondent being at odds with the learned judge who wrote for the majority of the Appellate Division. The respondent contends that the rights of the Indian will not survive a dissolution of the nation or tribal existence, while the learned judge of the Appellate Division is of opinion that the rights continue as long as the lands are actually occupied by Indians of the tribe, whether the tribe as an entity continues to exist or not. This question had much better be left till the nation or tribe becomes disintegrated, when the courts of that day will, doubtless, be competent to deal with it, as well as with the whole question of what rights, if any, the defendant or his successors in interest have in the lands comprised in these reservations. We have not examined the claim of the defendant to be the successor in interest of the right acquired by the state of Massachusetts under its treaty with this state, as we have disposed of the case on a broader ground.

The judgments of the Trial Term and Appellate Division should be reversed and complaint dismissed, without costs to either party in any court.

GRAY, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgments reversed, etc.