(88 Misc.· Rep. 698)

## DIME SAVINGS BANK OF BROOKLYN v. BUTLER et al.

(Supreme Court, Special Term, New York County. January, 1915.)

1. QUIETING TITLE ⊙⇒34—ACTION TO DETERMINE ADVERSE CLAIM—PETITION—
SUFFICIENCY AGAINST DEMURRER—EASEMENTS.

Where the complaint, in an action brought under Code Civ. Proc. §§ 1638, 1639, to determine defendant's claim to a negative easement, or interest in the nature of an easement, after alleging that plaintiff was the owner of the fee, that it became possessed of same through foreclosure sale, and that for one year next preceding the action it had been in possession, further alleged that defendants "unjustly" made claim to an easement, or interest in the nature of an easement, in plaintiff's real property, such claim being that neither plaintiff nor its successors nor assignee could erect buildings on the premises, except as described in the complaint, it was not subject to a demurrer for failure to state a cause of action; the allegations that defendants' claim was unjust being sufficient to comply with the requirements of the statute.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69, 71, 72, 76, 77; Dec. Dig. ⊙⇒34.]

2. QUIETING TITLE ⊙⇒21—DETERMINATION OF ADVERSE CLAIMS—RIGHT OF
ACTION.

An unjust claim to an easement in realty owned by plaintiff, must be adverse to his ownership, in order to give him a right of action under Code Civ. Proc. § 1638, to compel a determination of the claim.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 51-53; Dec. Dig. ⊙⇒21.]

Action by the Dime Savings Bank of Brooklyn against Louise C. Butler and others. Demurrers to complaint overruled.

Dykman, Oeland & Kuhn and Edgar M. Cullen, all of Brooklyn, for plaintiff.

Gordon Knox Bell, of New York City, for defendant Bell.

Butler, Brown, Wyckoff & Campbell, of New York City, for defendant Butler.

Anderson & Anderson, of New York City, for defendant Brewster.

Geller, Rolston & Horan, of New York City, for defendant Farmers' Loan & Trust Co.

Samuel· Hoff, of New York City, for defendant Liebman.

Kurzman & Frankenheimer, of New York City, for defendants Kaskell and others.

COHALAN, J. [1] Plaintiff brings this action to determine the ·claim of the defendants to a negative easement, or interest in the nature of an easement, in the premises at the southeast corner of Madison avenue and Seventy-Second street, in the borough of Manhattan. The complaint is framed under the provisions of sections 1638 and 1639 of the Code of Civil Procedure. The material allegations therein are: That the plaintiff is the owner in fee of the premises in question, that it became possessed of them through a judgment and sale in a foreclosure action, and that for one year next preceding the action, it has been in possession of them. The plaintiff then alleges in paragraphs fifth and sixth of the complaint that the defendants unjustly

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

make claim to an easement, or interest in the nature of an easement, in the real property of the plaintiff; such claim being that neither the plaintiff nor its successors nor assigns can erect buildings on the premises, except as described in paragraph sixth of the complaint. The defendants respectively demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The action is novel and far-reaching in its scope. It proposes by one fell swoop to forever determine rights arising out of restrictive covenants in all real property within the block bounded by Madison avenue, Seventy-First street, Park avenue, and Seventy-Second street. However, I am of opinion that there is sufficient precedent to sustain the form and the substance of the complaint. St. Stephen's Church v. Church of the Transfiguration, 201 N. Y. 1, 94 N. E. 191, Ann. Cas. 1912A, 760.

The objections to the complaint may be summarized as follows: (1) That the claims of the defendant are not adverse to the plaintiff; (2) that in an action under sections 1638 and 1639 of the Code the existence of a restrictive covenant cannot be determined; and (3) that insufficient facts are set forth in the complaint to show that the defendants unjustly claim an interest, easement, or incumbrance in the plaintiff's property.

[2] An analysis of the complaint disposes of the first objection. It alleges in brief that the plaintiff is the owner in fee of the land, that the defendants unjustly claim an easement, and that the claim is unjust. The term "adverse" is used in section 1638 of the Code, and the above allegations comply with the requirements of section 1639. An unjust claim to an easement in real estate owned by another must be adverse to the ownership of such an owner.

The second objection proceeds apparently upon the theory that a restrictive covenant cannot create an easement. The case of Trustees of Columbia College v. Lynch, 70 N. Y. 440, 26 Am. Rep. 615, authoritatively disposes of this contention in these words:

"The right sought to be enforced here is an easement, or, as it is sometimes called, an 'amenity,' and consists in restraining the owner from doing that with, and upon, his property which, but for the grant or covenant, he might lawfully have done, and hence is called a negative easement, as distinguished from that class of easements which compels the owner to suffer something to be done upon his property by another. Wash. on Easements, 5. Easements of all kinds may be created and exist in favor of any third person, irrespective of any privity of estate," etc.

If a property right in an owner is limited, of necessity that limitation takes from that owner a property right, which is lodged in somebody else. It follows that that somebody else has an easement, or an interest in the nature of an easement, in the property. The allegations in the complaint that the defendants' claim is unjust comply sufficiently with the requirements of the Code. No further pleading in this respect is needed. King v. Townshend, 78 Hun, 380, 29 N. Y. Supp. 181; Ford v. Belmont, 69 N. Y. 567; Merritt v. Smith, 50 App. Div. 349, 63 N. Y. Supp. 1068; Vanderveer Crossings v. Rapalje, 133 App. Div. 203, 117 N. Y. Supp. 485.

There is nothing revolutionary about this form of relief. It is a

statutory action, which the Code authorizes in order to determine speedily any claim or claims to real estate. It is highly desirable and to the interest of all owners of property in this particular neighborhood that questions of easements and incumbrances shall be pressed for determination in just such an action. The locality must sooner or later succumb to change in the type and character of buildings to be erected there.. The policy the statute is designed to promote is beneficial and enlightened, and it should be enforced so as to favor an action of this kind. Seneca Nation of Indians v. Appleby, 196 N. Y. 318, 89 N. E. 835; Bogert v. City of Elizabeth, 27 N. J. Eq. 568; St. Stephen's Church v. Church of the Transfiguration, supra; Long Island R. R. Co. v. Garvey, 159 N. Y. 334, 54 N. E. 60.

The demurrers are overruled, with leave to the defendants to serve answers within 20 days on payment of costs.

Demurrers overruled.