THE TRUSTEES OF CALVARY PRESBYTERIAN CHURCH OF BUFFALO, Respondent, *v.* GEORGE P. PUTNAM et al., Appellants.

(Argued March 26, 1928; decided July 19, 1928.)

*Frank C. Laughlin, Frederic C. Scofield, Ralph W. Thomas* and *Stewart W. Bowers* for Wilfred Palmer et al., appellants. The conveyance by George Palmer to the trustees of the church was a grant upon condition subsequent. The trustees took every interest and estate in the property and nothing remained in the grantor or his heirs except the right to take advantage of a breach of the condition, a mere possibility of reverter, which is neither an estate nor an interest in real property, nor an assignable nor a devisable chose in action, nor a possibility coupled with an interest, but a bare possibility alone. (*Nicoll* v. *New York & Erie R. R. Co.*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 N. Y. 303; *Vail* v. *Long Island R. R. Co.*, 106 N. Y. 383; *Upington* v. *Corrigan*, 151 N. Y. 143; *Fowler* v. *Coates*, 201 N. Y. 257; *People* v. *Wainwright*, 237 N. Y. 407.) Upon the death of the grantor of an estate upon condition subsequent, his heirs succeed to his right of re-entry for condition broken, by force of representation and not by descent, and it is the event of condition broken which determines in what heirs the right of re-entry will vest and who will have the right to represent the grantor. (*Towle* v. *Remsen*, 70 N. Y. 303; *Upington* v. *Corrigan*, 151 N. Y. 143; *Southwick* v. *Christian M. Soc.*, 151 App. Div. 116; *Puffer* v. *Clark*, 202 Mich. 169.) Before condition broken, the right in question, being not an actual right of re-entry but the mere possibility of such a right, has no present existence in fact and cannot be the subject of a release; and the right of the heirs, who are such at the time of the breach, to resort to equity to compel specific performance or to re-enter, can neither be affected by an attempted assignment by intermediate

heirs or by a release from intermediate heirs who had no right of re-entry. (*Nicoll* v. *N. Y., etc., Ry. Co.,* 12 N. Y. 121; *Miller* v. *Emans,* 19 N. Y. 384; *Towle* v. *Remsen,* 70 N. Y. 303; *Upington* v. *Corrigan,* 151 N. Y. 143; *Wilder* v. *Penn. R. R. Co.,* 245 N. Y. 36.)

*George P. Keating* for George P. Putnam et al., appellants. The conveyance by George Palmer to the trustees of the church was a grant upon condition subsequent. The trustees took every interest and estate in the property and nothing remained in the grantor or his heirs except the right to take advantage of a breach of the condition, a mere possibility of reverter, which is neither an estate nor an interest in real property, nor an assignable nor a devisable chose in action, nor a possibility coupled with an interest, but a bare possibility alone. (*Nicoll* v. *New York & Erie R. R. Co.,* 12 N. Y. 121; *Towle* v. *Remsen,* 70 N. Y. 303; *Vail* v. *Long Island R. R. Co.,* 106 N. Y. 383; *Upington* v. *Corrigan,* 151 N. Y. 143; *Fowler* v. *Coates,* 201 N. Y. 257; *People* v. *Wainwright,* 237 N. Y. 407.) Upon the death of the grantor of an estate upon condition subsequent, his heirs succeed to his right of re-entry for condition broken, by force of representation and not by descent, and it is the event of condition broken which determines in what heirs the right of re-entry will vest and who will have the right to represent the grantor. (*Towle* v. *Remsen,* 70 N. Y. 303: *Upington* v. *Corrigan,* 151 N. Y. 143: *Southwick* v. *Christian M. Soc.,* 151 App. Div. 116.)

*Charles J. Staples, Frederick G. Mitchell, William Doran Cushman* and *William P. Conley* for respondent. Under the grant from George Palmer a base or terminable fee was vested in the plaintiff. (*Nicoll* v. *N. Y. & Erie R. R. Co.,* 12 N. Y. 121; *Upington* v. *Corrigan,* 151 N. Y. 143; *Weinberg* v. *Sanders,* 198 N. Y. Supp. 121; *Van Schaick* v. *Lese,* 66 N. Y. Supp. 64; *Ingersoll* v. *Crocker,*

228 Fed. Rep. 844; Davis on Marketability of Titles, 326.) A conditional grantor may release the conditions of his grant, and any assignment or conveyance inconsistent with the original grant will operate as a release. (*Nicoll* v. *N. Y. & Erie R. R. Co.*, 12 N. Y. 121; *Upington* v. *Corrigan*, 151 N. Y. 143; *McArdle* v. *Hurley*, 172 N. Y. Supp. 57; *Berenbroick* v. *St. Luke's Hospital*, 48 N. Y. Supp. 363; *Underhill* v. *Saratoga Co.*, 20 Barb. 455; *Tinkham* v. *Erie Ry. Co.*, 53 Barb. 393; *Wagner* v. *Wallowa County*, 76 Ore. 453; *Board of Education* v. *Baker*, 124 Tenn. 39; *Hooper* v. *Cummings*, 45 Me. 359; *Rice* v. *Boston & Worcester R. Co.*, 12 Allen, 141.) The heirs of the original grantor could, and by their deeds to the plaintiff did, release the conditions of the original grant and thereby vested in the plaintiff a fee simple absolute. (*Williams* v. *Montgomery*, 148 N. Y. 519; *Berenbroick* v. *St. Luke's Hospital*, 48 N. Y. Supp. 363; *Van Schaick* v. *Lese*, 66 N. Y. Supp. 64; *Ingersoll* v. *Crocker*, 228 Fed. Rep. 844; Fowler's Real Property Law of the State of New York [3d ed.], 181; *Moore* v. *Moore*, 47 Barb. 257.)

O'BRIEN, J. Sixty-six years ago George Palmer and Harriet his wife conveyed to plaintiff a parcel of realty on Delaware avenue in Buffalo. In their deed several conditions were attached, one of which prescribes that the premises shall be perpetually maintained for religious purposes, and a covenant provides that upon the breach of any of the conditions the grantor or his heirs may re-enter and take possession, and thereupon plaintiff's estate shall cease and determine. Mr. Palmer died two years after the execution of that deed and thirty-five years ago all his living heirs and next of kin, for a consideration, gave a quitclaim deed and covenanted with plaintiff that they would not at any time or in any manner enter upon or interfere with the enjoyment of the premises by plaintiff or its successors or assigns nor in any manner seek to enforce the covenants and con-

ditions of the deed of 1862. In 1926 plaintiff brought this action against all the heirs then living. The complaint alleges that, in the event of a breach of the conditions of the deed, defendants claim a right of reverter and re-entry and it prays for a judgment declaring, among other things, whether any possibility of reverter exists as to defendants and whether they or any other Palmer heirs who may hereafter be born would have any interest in or claim upon the premises in the nature of a right of re-entry or otherwise. It seeks a general declaration respecting the validity of its own title and the rights of the Palmer heirs.

The conditions imposed by the deed clearly are subsequent rather than precedent. No one can doubt this proposition. Indeed, all the parties assume or concede it. Conditions subsequent are not favored. They are strictly construed because they tend to destroy estates. Public interest dictates that real property shall be readily transferable and that titles shall be reasonably marketable. (*Nicoll* v. *New York & Erie R. R. Co.*, 12 N. Y. 121, 131; *Seneca Nation* v. *Appleby*, 196 N. Y. 318, 323; *St. Stephen's Church* v. *Church of Transfiguration*, 201 N. Y. 1, 10.) The grantor himself certainly was authorized to release the grantee from its obligation to perform conditions and, even prior to a breach, to waive his possible right of reverter. He could have taken any course agreeable to him by which this possible right might have been divested. No one disputes the proposition that, as long as the conditions existed unbroken, all interest in the estate remained out of the grantor and his heirs. Until the contingency happens the whole title is in the grantee. (*Vail* v. *L. I. R. R. Co.*, 106 N. Y. 283, 287.) Neither the grantor nor his heirs possessed anything except a right to take advantage of a breach. This is not an estate. (*Fowler* v. *Coates*, 201 N. Y. 257.) This possibility of reverter, this possible right of re-entry, passes to the heirs not by descent but by force of repre-

sentation. (*Upington* v. *Corrigan*, 151 N. Y. 143.) After condition broken, the heirs could unquestionably waive their rights of re-entry. The case is, therefore, reduced to this issue; the grantor, in behalf of himself and his heirs, born and unborn, having power, prior to a breach, to waive all possible right of reverter and the heirs having the same power, after condition broken, can the living heirs, prior to a breach, waive their own possible rights and foreclose those of unborn heirs? In respect to remote contingent rights in an estate, the policy of the law encourages their release to parties already possessed of some substantial estate. All rights, titles and actions may be released to the *terre-tenant* for securing his repose and quiet and for avoiding contentions and suits. (*Miller* v. *Emans*, 19 N. Y. 384, 390, 391.) No rule of law is invoked which would tend to prevent the living heirs, prior to a breach, from waiving a right or a possible right of which they could thereafter divest themselves. No reason presents itself for the creation of such a rule. If, prior to the release by the heirs in 1893, plaintiff had violated the conditions, they, in their representative capacity, had also been vested with power either to stand passive or approve actively of the violation. They could have exercised or have refrained from exercising any power which would have existed in the grantor had he been alive. They represented him and his possible rights. The rights of unborn heirs are surely no more extensive than those of the grantor which were represented by the living heirs.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and KELLOGG, JJ., concur; ANDREWS, J., not sitting.

Judgment affirmed.