THOMAS J. MILAN, as Administrator, etc., of THOMAS F. MILAN, Deceased, Appellant, *v.* ANNA M. TOWNER, Respondent.

Third Department, May 23, 1930.

*Alexander S. Diven* [*Irving B. Diven* of counsel], for the appellant.

*Harry H. Hays* [*James O. Sebring* and *L. H. Buchanan* of counsel], for the respondent.

HASBROUCK, J. George M. Diven of Elmira, prior to his death, occupied as his home " the lot of land bounded on the east by Lake Street, on the north by Maxwell Place, on the west by Benton Street and on the south by Stephens Lane." At the time he conveyed the lots indicated on the map recorded in volume 58 of Chemung county deeds, he had not parted with his house property. He died on February 3, 1909. All lots then unsold were conveyed by his devisees to Eleanor M. Diven and May D. Liscum.

Long prior to the death of George M. Diven and in 1876 he conveyed the real property, title to which is in issue, to one Jasper L. Purple and the deed therefor contains an habendum clause setting forth covenants, conditions and the right of re-entry upon violations of restrictions.

Purple sold his land without restrictive conditions.

The plaintiff as a successor in the line of title took a deed of said land which contained no restrictions. On the 16th of June, 1924, defendant entered into an agreement with the plaintiff to purchase such land for $10,000, and has paid on the purchase $500.

A search against the land revealed the restrictions.

The defendant has rejected the title on the ground that such restrictions constitute an incumbrance on the title. The plaintiff has brought this action to compel defendant to perform the contract.

The trial court dismissed the complaint and the appeal herein is from the judgment.

Among other things, the trial court has found " that the covenants, or conditions, or restrictions in the deed to Purple made by Diven were put into said deed by said Diven for the benefit of the Diven homestead."

The defendant points out that no such fact is stated among the agreed facts submitted. There is no evidence in the record upon which to base such finding. Aside from such finding we are compelled to deal with the deed to Purple and its requirements as they existed at the time of the agreement of sale entered into June, 1924.

The restrictions contained in the grant from Diven to Purple constitute conditions subsequent (*Munro* v. *Syracuse, L. S. & N. R. R. Co.*, 200 N. Y. 224), and as Judge VANN says in concluding a very luminous opinion, " while the condition needs no covenant

to support it, as the condition runs with the land, the covenant to keep the condition runs with it also." (*Trustees of Union College, v. City of New York*, 173 N. Y. 41.) What remained in the grantor Diven was the possibility of a reverter. (Tiffany Real Prop. vol. 1, § 132; *Trustees of Calvary Presbyterian Church v. Putnam*, 221 App. Div. 502; affd., 249 N. Y. 111, 115; *People v. Wainwright*, 237 id. 407; *First Universalist Society v. Boland*, 155 Mass. 171, 175.)

That possibility of reverter, while not real estate, constituted a right or interest in the heirs of Diven by force of representation and not by descent. (*Upington v. Corrigan*, 151 N. Y. 143; *Trustees of Calvary Presbyterian Church v. Putnam, supra; People v. Wainright, supra.*)

The principle stated in the *Upington* case, so far as I can learn, has not been overthrown by legislation nor denied by subsequent judicial decision.

The conclusion seems unavoidable that the right of reverter and re-entry under the facts of the record remain in the Diven heirs, and the title to the lands in suit cannot become marketable while the possibility of the violation of the conditions subsequent exists. The title offered is incumbered.

The judgment should be affirmed, with costs.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Judgment affirmed, with costs. This court reverses finding of fact numbered thirty-three.